ROBERT WALL, #13965-052                                        PLAINTIFF

VS.                            CIVIL ACTION NO. 5:08-cv-274(DCB)(MTP)

UNKNOWN BLACK, ET AL.                                         DEFENDANTS


ORDER

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 29)**, and the plaintiff's objections thereto.  Having carefully considered the recommendations of the magistrate judge, the objections, and the applicable law, the Court finds as follows:

The plaintiff, Robert Wall, an inmate currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), filed this pro se law suit pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).  Wall asserts various claims against the following defendants in their individual capacities: (1) Robert B. Black, Vocational Training Instructor at FCC Yazoo City; (2) Phillip C. Jackson, a counselor at FCC Yazoo City; (3) Bruce Pearson, Warden at FCC Yazoo City; (4) Matthew J. Dalton, a Case Management Coordinator at FCC Yazoo City; (5) Katon L. Varnado, a Counselor at FCC Yazoo City; (6) Julie Southerland, a Unit Manager at FCC Yazoo City; (7) Rose M. Smith, a Senior Officer Specialist at FCC Yazoo City; (8) David C. Holston, Supervisory Chaplain at FCC Yazoo City; (9) Gerard M. Bratcher,

Supervisor of Education at FCC Yazoo City; and (10) Harley G. Lappin, Director of the Bureau of Prisons ("BOP"). The plaintiff alleges the following in his Complaint **[1]**, Supplement to Complaint **[5]**, Supplemental Pleading to Complaint **[12]**, and Second Supplemental Additions to Complaint **[17]**:

(1) Defendants Lappin, Black, Pearson and Bratcher cancelled his Lexis-Nexis account at the prison law library, in an attempt to interfere with the filing of a post-conviction motion, in violation of Plaintiff's Fifth and Sixth Amendment rights (Complaint Count I), and that it was a violation of the "Privacy Act" for Black to cancel his account (Complaint Count VIII).

(2) Defendant Smith unlawfully and "negligent[ly]" confiscated his shower shoes during a unit inspection and never returned them to him, thereby forcing Plaintiff to take showers barefoot and stand on black mold, in violation of Plaintiff's rights under 8 U.S.C. § 1401 and the Fourth Amendment (Complaint Count II);

(3) Defendants Lappin, Holston and Pearson refused to provide Plaintiff with equal access to the chapel for religious services, in violation of the First Amendment, the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb et seq. and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq., and they denied his request "for Land for Religious Use so that he could build a pyramid temple as required by his Thelema religion," even though "the Native Americans were

provided with land for religious use and built a sweat lodge."
(Complaint Count III and Supp. [5]);

(4) Defendants Southerland, Varnado and Jackson confiscated
his legal papers (pertaining to a post-conviction motion) and did
not return them, again in violation of 8 U.S.C. § 1401 and the
Fourth Amendment, and Defendants Lappin and Pearson "personally
authorized" these actions (Complaint Count IV);

(5) Defendant Dalton "obstructed" a phone call between
Plaintiff and his attorney by "heckling him" and talking to him
while he was on the phone, and Defendant Jackson refused to allow
Plaintiff to make a legal call, in violation of due process and his
First Amendment right to privacy (Complaint Count V);

(6) Defendant Jackson refused to provide paper and envelopes
to Plaintiff so that he could pursue legal actions, in violation of
Plaintiff's due process and Sixth Amendment rights, and he provided
these items to other inmates "of different classes," thereby
violating Plaintiff's Equal Protection rights (Complaint Count VI);

(7) Defendants Jackson, Randle, Dalton and Pearson "removed
the plugs from the units and otherwise plugged them up so that
[Plaintiff] could not plug in a fan then they turned off the air
conditioning to heat up the unit to a boiling degree. Once
[Plaintiff] was asleep and above the covers they suddenly turned on
the air conditioning full blast, this continuous change in
temperature night after night caused black mold spores to be

released from the uncleaned vents infecting [Plaintiff] with a deep bloody cough that was never treated in violation of the Eighth Amendment" (Complaint Count VII);

(8) Defendants Lappin and Black refused to provide records that Plaintiff had requested under the Privacy Act (Complaint Count VIII);

(9) Unidentified "Defendants and supplemental Defendants" opened and copied his incoming legal mail in violation of due process and his constitutional right to privacy, as well as his right to legal access (Supp. Pleading [12] Count 1);

(10) Defendant "Bender" [sic] "cancelled and obstructed a movie performance, refused to answer a cop out requesting Indie Rock music entertainment as a DJ night and did not otherwise provide the requested music while allowing other inmates and providing 'hip hop and R & B' music," and Defendant "Richardson" [sic] "failed to hold a promised band meeting to review the claims and possibly restart the band." Plaintiff claims he was discriminated against on the basis of his religion, in violation of his due process and equal protection rights (Supp. Pleading [12] Count 2); and

(11) Defendants Jackson and Dalton intercepted and monitored Plaintiff's legal telephone calls, in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1968, 18 U.S.C. §

2510, et seq. (Second Supp. Addition [17] to Complaint at ¶ 2).

As relief, Plaintiff seeks compensatory and punitive damages as well as injunctive relief. See Complaint at 3-4; Supp. [5] at 1-2; Supp. Pleading [12] at 1-2; Second Supp. Addition [17] at 1.

All defendants have moved to dismiss, or in the alternative for summary judgment, and the plaintiff has moved for summary judgment. In a very thorough and well-reasoned Report and Recommendation, Magistrate Judge Parker finds that no genuine issues of material fact exist, that summary judgment should be granted in favor of the defendants, and that the plaintiff's motion for summary judgment should be denied. The plaintiff has filed objections which merely reiterate his initial arguments and do not demonstrate any error in the Report and Recommendation. The Court therefore adopts the Report and Recommendation in its entirety. Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 29)** is adopted in its entirety;

FURTHER ORDERED that the defendants' (Robert B. Black, Phillip C. Jackson, Bruce Pearson, Matthew J. Dalton, Katon L. Varnado, Julie Southerland, Rose M. Smith, David C. Holston, Gerard M. Bratcher, and Harley G. Lappin) motion for summary judgment **(docket entry 20)** is GRANTED, and said defendants' motion to dismiss **(docket entry 20)** is DENIED AS MOOT;

FURTHER ORDERED that the plaintiff Robert Wall's motion for summary judgment **(docket entry 22)** is DENIED;

FURTHER ORDERED that this action is dismissed.  A final judgment dismissing this action with prejudice shall follow.

SO ORDERED, this the 30th day of September, 2009.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE